## Boyd vs. Snelling.

Assumpsit.

Error to the Bath Circuit; Silas W. Robbins Judge.

Case 95.

### Assignment of choses in action.

Judge Owsley delivered the opinion of the court.

June 21.

Snelling sued Boyd and declared, in *indebitatus assumpsit*, for one hundred and twenty dollars, had and received by Boyd to the use of Snelling, and for the like sum paid, laid out, and expended, by Snelling, to and for the use and benefit of Boyd, at his special instance and request.

*Indebitatus assumpsit for money received by defendant for plaintiff.*

The trial was had on the general issue, and after the evidence introduced by Snelling was through, the counsel of Boyd moved the court to instruct the jury as in case of a non-suit. But the motion was overruled, and verdict and judgment recovered by Snelling.

Motion for non-suit overruled.

The facts which the evidence conduced to prove, are substantially these: The heirs of Cornelius Vanarsdale, for two of whom Boyd was guardian, had a claim against the executors of their deceased father's estate, for their distributive shares of the estate, and for the purpose of recovering the amount of their claim, Boyd, acting for the heirs, employed counsel, and caused to be commenced in their names, a suit in equity, against the executors. After the suit was brought, Snelling obtained from Abraham Vanarsdale, who was one of the heirs, the following writing:

Evidence of plaintiff given on the trial.

Whereas, I have a debt on Elisha Linville, dec'd, (one of the executors of the estate of Cornelius Vanarsdale, dec'd,) the same not ascertained, I do assign over all my right and title to my interest in that debt, to Benjamin Snelling, for value received of him; as witness my hand and seal.

*Abraham Vanarsdale.*

This assignment was made known to Boyd by Snelling, before the suit was terminated. The suit was afterwards settled by Boyd and the defendants thereto, and the amount agreed on by the parties received by Boyd, and the suit dismissed. The proportion of Abraham Vanarsdale's interest in the sum

BOYD
vs.
SNELLING.

received, was one hundred and three dollars, and the same was thereafter paid over to Abraham Vanarsdale by Boyd.

It was to recover the amount of that interest, to which Snelling conceived himself entitled, and which he supposed Boyd should not have paid to Abraham Vanarsdale, after having notice of his assignment, Snelling brought this suit against Boyd, and it was after the foregoing facts were proved, the court refused to instruct the jury to find as in case of a non-suit.

Assignment of a demand in a suit does not vest the assignee with such legal right as to enable him to maintain an action at law against the agent of the plaintiff, who, having conducted the suit, settled the controversy, and received the money, after notice of the assignment.

The instruction ought, we think, to have been given to the jury. There is nothing in the evidence which can upon any fair construction, be understood to establish in Snelling any *legal* interest in the money claimed by him, without which, according to the well settled doctrine of the law, no action at law can be maintained, whether the action be founded on a contract express or implied, or by parol, or under seal: 1 Chitty's Plead. 3, and the authorities there cited. By adverting to the evidence, it will be seen, that there is not the slightest circumstance, from which any thing like an express promise to pay the money, or any part thereof, to Snelling, was ever made by Boyd; so that, if Snelling has any legal interest, he must have derived it through the assignment to him by Abraham Vanarsdale, and the after receipt of the money by Boyd. But it should be recollected, that, at the time the assignment was made to Snelling by Vanarsdale, the latter held nothing but a chose in action, which is not assignable at law, and of course he could not, by any possible assignment, transfer any legal interest to the former; and if no legal interest passed by the assignment, it is not perceived how such an interest can have accrued to Snelling, upon the after receipt of the money by Boyd. The receipt of the money by Boyd, conferred upon Snelling no better right to it than he was entitled to whilst it was owing by the executors; and as he cannot, at most, have acquired but an equity by the assignment from Vanarsdale, his interest since the receipt of the money by Boyd, must be of the same sort, and therefore not recoverable by action at law.

The instruction ought, consequently, to have been given to the jury.

The judgment must be reversed, with cost; the cause remanded to the court below, and further proceedings there had, not inconsistent with this opinion.

*Monroe* for plaintiff; *Triplett* for defendant.